**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 16, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 02-60986
Summary Calendar

————————————————

KHALID IQBAL

Petitioner

v.

JOHN ASHCROFT, US ATTORNEY GENERAL

Respondent

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A91 744 545
--------------------

Before KING, Chief Judge, and EMILIO M. GARZA and BENAVIDES,
Circuit Judges.

PER CURIAM:[*]

Khalid Iqbal appeals the Board of Immigration Appeals's

summary affirmance of the Immigration Judge's (IJ's)

determination that he had abandoned his lawful permanent resident

status and was therefore deportable.  We review the decision of

the IJ, see Soadjede v. Ashcroft, 324 F.3d 830, 832 (5th Cir.

2003), and will reverse only if the decision is not supported by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

substantial evidence.  See Moin v. Ashcroft, 335 F.3d 415, 418 (5th Cir. 2003).

As an initial matter, we will not disturb the IJ's finding, based on witness credibility, that Iqbal left the United States and stayed in Pakistan for over two years for purposes of securing gainful employment.  See Chun v. INS, 40 F.3d 76, 78-79 (5th Cir. 1994).  After considering Iqbal's connections with the United States, his employment history, and his dealings with the Immigration and Naturalization Service, we hold that the evidence does not compel a finding that Iqbal intended to return to the United States "within a relatively short period" or that his visit terminated "upon the occurrence of an event that had a reasonable possibility of occurring within a relatively short period of time."  See Moin, 335 F.3d at 419 (internal quotations and citation omitted).  Therefore, the IJ's determination that he had abandoned his lawful permanent resident status is supported by substantial evidence.

PETITION DENIED.